313 So.2d 852 (1975)
Barbara TOMS, Plaintiff-Appellant,
v.
TIGER LANES, INC., and Troy P. Bartlett, Defendants-Appellees.
No. 12609.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1975.
Rehearing Denied July 1, 1975.
Writ Refused September 25, 1975.
*853 Holloway, Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiff-appellant.
Whitten & Blake by John C. Blake, Jonesboro, for defendants-appellees.
Before BOLIN, PRICE and DENNIS, JJ.
DENNIS, Judge.
Plaintiff, Barbara Toms, a white female, brought this action for damages and injunctive relief against the defendant, Troy P. Barlett, the proprietor of the Tiger Lanes Bowling Alley in Jonesboro, Louisiana, for wrongfully expelling and excluding her from his place of business. The expulsion occurred on February 7, 1974, suit was filed on February 18, 1974, and final judgment was rendered by the trial court on December 3, 1974 rejecting the plaintiff's demands.
Plaintiff appealed and argues that the decision below should be reversed because the defendant excluded her from the premises without reasonable or justifiable cause. She relies solely upon the legal principles set forth by the Louisiana Supreme Court's opinion in Planchard v. Klaw and Erlanger New Orleans Theatres Company, 166 La. 235, 117 So. 132 (1928) which, in pertinent part, provides:
"There can be no doubt that, as a legal proposition, it is the duty of the managers of a theater to maintain proper order in and about the theater during the performance, and while the people are assembling or leaving the theater. And whenever such managers or those charged with the duty of maintaining order have reason to believe one in the audience guilty of improper conduct, calculated to alarm or disturb the audience, they are justified in taking such reasonable steps as will be necessary to put an end to the disturbance, even to the extent of ejecting the offender.
"On the other hand, people who visit such places of amusement and entertainment, and who are not guilty of any unseemly conduct, wrongdoing, or disturbance, are entitled to full protection at the hands of the managers of the theater in the enjoyment of the privilege for which they have paid their money.
"And where, as in this case, a patron of a theater is insulted, maltreated, and caused to leave the theater by an employee of such theater without just, reasonable, or probable cause, such theater will be held liable in damages." Id. p. 133.
The preponderance of the evidence clearly leads to a number of findings of fact. The plaintiff was an avid bowler and had previously participated in a women's bowling league which met at defendant's establishment. She had resigned from the league and telephoned Linda Matthews, the secretary of the City Bowling Association, on February 6, 1974 to discuss her possible reinstatment. The two ledies disagreed and the telephone conversation ended. The next night, on February 7, 1974, a meeting of the team captains of the bowling league was held at the Tiger Lanes Bowling Alley to determine if plaintiff would be reinstated. Mrs. Matthews attended this meeting representing the City Bowling Association. At the meeting plaintiff and Mrs. Matthews again disagreed, this time as to the contents of their telephone conversation on the previous evening. *854 The team captains voted not to reinstate plaintiff and she made threatening statements toward Linda Matthews. A short while later, as Mrs. Matthews was leaving, she was accosted in the bowling alley parking lot by the plaintiff who demanded a conversation. When Mrs. Matthews refused, plaintiff grabbed her arm, spun her around and struck her in the face. Upon being informed of these events a few moments later, Bartlett told plaintiff not to return to his establishment.
There was testimony that plaintiff had, on a number of occasions, consumed beer on the premises, used loud and profane language while bowling, and displayed affection toward her boy friend in the bowling alley. Plaintiff adduced evidence in an attempt to show that defendant had condoned similar conduct and fighting by other patrons, without barring them from the premises. The evidence, however, was vague, general, and possibly related to a time before defendant became the proprietor of the bowling alley. Because plaintiff's expulsion closely followed her threats and physical attack upon Mrs. Matthews, we are convinced defendant took this action primarily because of these events, and that he was motivated by a desire to protect his customers and business.
Applying the principles relied upon by plaintiff to the facts in the instant case, we conclude that the proprietor had just, reasonable or probable cause to forbid plaintiff to return to his establishment. Indeed, in view of her disturbing threats and unprovoked attack upon another patron, defendant, according to the authority cited by plaintiff, was obliged to take the reasonable steps that he did to put an end to the disturbance and to assure that it would not recur.
We, therefore, find no error in the trial court judgment rejecting the plaintiff's demands. Accordingly, it is affirmed at appellant's cost.
Affirmed.